18 A.3d 229 (2011)
420 N.J. Super. 15
Thomas HINSINGER, Plaintiff,
v.
SHOWBOAT ATLANTIC CITY, Defendants.
L-3460-07
Superior Court of New Jersey, Law Division.
Decided May 19, 2011.
*230 Kenneth Iulo, Passaic, for plaintiff (Kenneth Iulo, attorneys).
GIZINSKI, J.S.C.
This motion is for attorney's fees from a Medicare Set Aside Trust created after the trial of a liability action. Plaintiff prevailed at trial and thereafter successfully sought an additur from this court. Following the granting of an additur, the parties settled this matter in August 2010 for $600,000.
Due to the injuries sustained by plaintiff in the accident that was the basis of this case, plaintiff became a Medicare recipient. He was declared totally disabled by the Social Security Administration on May 31, 2008, and became eligible for Medicare in approximately November 2009. Due to the fact that plaintiff became a Medicare recipient, plaintiffs counsel appropriately contacted the Center for Medicare and Medicaid Services Coordination of Benefits department and inquired as to whether any conditional payments had been made for treatment of injuries plaintiff sustained in the accident. Medicare had not made any conditional payments. In an effort to comply with the requirements of the secondary payer provision of 42 U.S.C.A. § 1395y (2006), plaintiff and defendant agreed to allocate $180,600[1] to a Medicare *231 Set Aside Trust to provide for plaintiffs future medical expenses related to his injuries.
Plaintiffs attorney, Kenneth Iulo, now seeks permission from this court to withdraw a portion of his fees from the money allocated to a Medicare Set Aside Trust.
The Medicare system was established in 1965 and provides federal health insurance for individuals over the age of sixty-five, or under the age of sixty-five if the individual has permanent disabilities. Originally, Medicare was the primary insurer except in situations when workers' compensation provided compensation, where Medicare was the secondary payer. However, the secondary payer provision has expanded over time in an effort to save taxpayer money where healthcare is provided by other means. See 42 U.S.C.A. § 1395y.
With regard to settlements, judgments, or awards which provide funds for future medical services, Medicare's interests in those funds must be taken into account. 42 U.S.C.A. § 1395y(b)(2)(A). The Center for Medicare has established the use of Medicare set asides as a method of protecting Medicare's interests in funds received for future medical care. Medicare set asides are accounts set up to provide future medical services to the injured individual. Medicare will not cover any medical expenses until the set aside account is exhausted. Although there is no statutory or regulatory requirement to create a Medicare set aside when future medical expenses are awarded, it is recommended by the Center for Medicare and has become standard practice, particularly in workers' compensation cases, to create a set aside to protect the future interests of the injured individual and Medicare.
Plaintiffs attorney argues that there is no law in place regarding deducting attorney's fees from Medicare set asides, and that all directives issued by the Center for Medicare Management apply only to workers' compensation claims, not third-party liability cases. However, this court finds no reason to apply a different standard to set asides created with money obtained from third-party liability claims than it applies to set asides created with money obtained from workers' compensation claims. The statutory and policy reasons for creating both of them are the same: to protect the government, and the Medicare system in particular, from paying medical bills for which the beneficiary has already received money from another source. In addition, the Center for Medicare and Medicaid Services has stated multiple times that the same statutes that necessitate or otherwise apply to Medicare set asides in workers' compensation cases apply to third-party liability situations. Transcript of Center for Medicare and Medicaid Services Conference Call, 18 (October 29, 2008) ("I don't believe there is a General Counsel Memo that says that there are no liability set asides. We, in brief, we have a very informal, limited process for liability set asides. We don't have the same extensive ones we have for workers' comp. However, the underlying statutory obligation is the same."); Transcript of Center for Medicare and Medicaid Services Conference Call, 61 (March 24, 2009) (the statutes that apply to workers' compensation situations also apply to liability situations).
Having concluded that the same regulations and directives that apply to set asides created in workers' compensation cases apply to set asides created in third-party liability cases, this court must now consider whether these regulations and directives allow an attorney to recover fees for a judgment or settlement obtained on behalf of a client in a civil suit from the set aside itself.
*232 42 C.F.R. § 411.37, entitled "Amount of Medicare recovery when a primary payment is made as a result of a judgment or settlement," provides that where recovery is sought from the party that received payment, Medicare reduces its recovery by the costs expended in procuring the judgment or settlement if the "[procurement costs are incurred because the claim is disputed" and "[t]hose costs are borne by the party against which CMS seeks to recover." 42 C.F.R. § 411.37(a). When Medicare payments are less than the judgment or settlement amount, Medicare's recovery amount is reduced by the ratio of procurement costs to the total settlement or judgment. 42 C.F.R. § 411.37(c). When Medicare's recovery amount is equal to or exceeds the judgment or settlement amount, Medicare's recovery is the entire settlement or judgment less total procurement costs. 42 C.F.R. § 411.37(d).
It is unclear from 42 C.F.R. § 411.37 whether the reduction for procurement costs applies only to recovery of funds already expended by Medicare in conditional payments or also to funds obtained through settlement or judgment for future medical expenses. The regulation is under Part 411, which is entitled "EXCLUSIONS FROM MEDICARE AND LIMITATIONS ON MEDICARE PAYMENT," and Subpart B, which is entitled "INSURANCE COVERAGE THAT LIMITS MEDICARE PAYMENT: GENERAL PROVISIONS." From the language of the regulation and the headings, 42 C.F.R. § 411.37 could apply to funds obtained for future medical expenses through settlement or judgment in the same way it applies to recovery of funds already expended by Medicare in conditional payments. It is a general provision explaining exclusions and limitations on Medicare payment. Settlement or judgment funds received by a plaintiff for future medical expenses is a "primary payment. . . made as a result of a judgment or settlement" even though the funds have yet to actually be used for medical expenses. Ibid. Should Medicare cover future medical expenses for an individual that had received primary payment for such expenses in a settlement or judgment, Medicare would be entitled to recover such funds from the beneficiary, or anyone that had received the funds from the payer. See 42 U.S.C.A. § 1395y. Such recovery should be made pursuant to 42 C.F.R. § 411.37, which applies to the amount of Medicare recovery when a primary payment is made as a result of a judgment or settlement and which deducts procurement costs from the amount of Medicare recovery.
This court also notes that a Center for Medicare Management Memorandum entitled "Medicare Secondary Payer-Workers' Compensation (WQINFORMATION," dated May 7, 2004, does not allow administrative expenses or attorney costs "specifically associated with establishing the Medicare set-aside arrangement." Although the subject line specifies that the memo is directed to "Workers' Compensation" situations, this court has already concluded that the rules and regulations that were previously thought to apply only to set asides created in workers' compensation situations also apply to set asides created in other situations. This directive, however, applies only to attorney fees "specifically associated with establishing" the trust. In other words, it applies to those fees which would be incurred in the act of setting up the trust. It does not apply to attorneys' fees incurred in procuring funds in a civil suit, a portion or all of which may or may not end up in a Medicare set aside trust.
This court's decision to apply 42 C.F.R. § 411.37 to funds obtained in a civil action and placed in a Medicare set aside is also in line with general principles of equity. *233 Where a plaintiff is, or will within a short time become, a Medicare recipient, the plaintiffs attorney also works on behalf of Medicare to secure funds to pay future medical expenses Medicare would otherwise pay. To allow Medicare to avoid paying an equitable share of the procurement fees for a judgment or settlement amount, forcing the plaintiff to cover all the fees, would be unfair to plaintiffs. In some situations, a plaintiff may end up getting nothing after creating the set aside and paving attorneys' fees or may even have to pay money out of pocket to his attorney after a lengthy trial. Such a result would not only be inequitable, it would deter persons on Medicare who are injured by the tortious acts of others from bringing claims.
This court having determined that attorneys' fees incurred to procure a settlement or judgment may be deducted from the money allocated to a Medicare set aside, this court will now determine the appropriate amount that should be deducted per the method set out in 42 C.F.R. § 411.37. Medicare's recovery amount is reduced by the ratio of procurement costs to the total settlement or judgment. 42 C.F.R. § 411.37(c). The agreement between plaintiff and Iulo provides that if Iulo recovers money for plaintiff, he is entitled to a percentage of the recovery based on a fee schedule. Iulo would be entitled to one-third of the first $500,000 recovered and thirty percent of the next $500,000 recovered.
Plaintiff and defendant settled this case in August 2010 for $600,000. $180,600 of that amount was to be placed in a Medicare set aside trust. Iulo contends he should be entitled to one-third of the $180,600. However, per his own fee schedule, Iulo is not entitled to one-third of the total settlement. The amount of money deducted from the set aside for procurement costs must be the ratio of the procurement costs to the total settlement or judgment. 42 C.F.R. § 411.37(c). Iulo is entitled to one-third of the first $500,000 recovered and thirty percent of the last $100,000 recovered for the total settlement amount of $600,000. Thus, Iulo would be entitled to $196,666.67 of the total settlement amount per his fee agreement with plaintiff. The ratio of procurement costs to the total settlement is 32.778%. Applying that ratio to the amount of money in the set aside trust, the amount of procurement costs that may be deducted from the money allocated to the Medicare set aside is $59,196.67.
Although Iulo also expended $53,533.63 in litigation costs, he is not requesting any of those costs be deducted from the set aside trust. Thus, this court need not address the issue of whether such costs may be deducted from a set aside trust at this time.
For the foregoing reasons, plaintiffs attorney's request to take attorney's fees from funds allocated to plaintiffs Medicare set aside trust is granted in the amount of $59,196.67.
NOTES
[1] This amount reflects the jury's award of projected actual medical costs for a surgery that they found necessitated by the injuries plaintiff sustained in the accident.